IRVING PEDROZA (297735)
Shah D'Egidio, APC
Attorneys at Law
7801 Mission Center Court, STE 240
San Diego, CA 92108
Telephone: (619) 550-3011
Facsimile: (877) 888-6304
ipedroza@dltslawfirm.com

Attorneys for Plaintiff Lisandro Trinidad

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISANDRO TRINIDAD, an individual<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, a sovereign nation; UNITED STATES CUSTOMS and BORDER PATROL, a federal government agency; the UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal government agency, U.S. IMMIGRATION and CUSTOMS ENFORCEMENT, a federal government agency,<br><br>Defendants. | Case No.: **'22CV229 TWR BLM**<br><br>**FEDERAL TORT CLAIMS ACT COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff, TRINIDAD LISANDRO ("Plaintiff"), for causes of action against Defendants, THE UNITED STATES OF AMERICA, the UNITED STATES CUSTOMS and BORDER PATROL ("USBP"), the UNITED STATES OF DEPARTMENT OF HOMELAND SECURITY, a federal government agency (U.S.D.H.S), the U.S. IMMIGRATION and CUSTOMS ENFORCEMENT (I.C.E), a federal government agency, and DOES 1 through 50, inclusive, who complains and alleges as follows:

1

**COMPLAINT FOR DAMAGES**

## JURISDICTION & VENUE

1. Exclusive jurisdiction for this Federal Tort Claims Act ("FTCA") is vested in the United States District Courts. 28 U.S.C. § 1346(b) (1).

2. Venue is proper in the Southern District of California because the events giving rise to the claim occurred in Imperial County, situated in the Southern District of California. 26 U.S.C. § 1391(e)(1)(B).

## GENERAL ALLEGATIONS

3. Plaintiff's Standard Form 95 claim was presented and delivered to the appropriate agency, namely the USBP, USDHS, and ICE (the "Submission Date"). Defendant, USPS, responded on February 17, 2022, but the claim has not resolved. See 28 U.S.C. § 2675.

4. The Plaintiff filed this lawsuit as precautionary to preserve all rights. 28 U.S.C. § 2675.

5. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants, USBP, USDHS, and ICE were agents, servants, employers, or employees of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency or employment.

## FACTUAL ALLEGATIONS

6. On or about February 21, 2020, at the Mexicali – Calexico border, Plaintiff Lisandro Trinidad was hit and ran over by a border patrol vehicle.

7. Defendants, United States of America, USBP, USDHS, and ICE, owned controlled, or employed the vehicle that was driven by Defendant to cause this incident with Plaintiff.

8. Defendants' employee, agent, representative, driver Defendant DOE 1, was driving the subject vehicle when he/she hit and ran over Plaintiff's body. The Defendants' vehicle was on Plaintiff's body for several seconds before the driver, Defendant Doe 1, reversed the vehicle off of his body.

9. Due to Defendant Doe 1, Driver of the vehicle, Plaintiff suffered traumatic

injuries, including but not limited to fracture of multiple ribs, fracture of lumbar vertebra, the need for medical treatment, including surgery and future treatment.

## FIRST CAUSE OF ACTION
## FTCA claim against All Defendants

10. Plaintiff incorporates each and every allegation and statement contained in the prior paragraphs herein by reference.

11. Plaintiff alleges that at all times mentioned herein, Defendants each owed a duty of reasonable care to all reasonably foreseeable people, including Plaintiff, to own, lease, manage, maintain, control, entrust, and operate the motor vehicle in a reasonable manner.

12. In addition to the common law duty of reasonable care, California Vehicle Code § 22106 provides a statutory basis for a duty which prohibits starting a stopped vehicle until such movement can be made with reasonable safety.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, the UNITED STATES OF AMERICA, the UNITED STATES CUSTOMS and BORDER PATROL, the UNITED STATES OF DEPARTMENT OF HOMELAND SECURITY, the U.S. IMMIGRATION and CUSTOMS ENFORCEMENT, through its agent, employees, maintained, controlled, operated and entrusted the motor vehicle with want of ordinary care so as to cause the same to collide into Plaintiff's vehicle while Plaintiff was driving his vehicle in a reasonable and safe manner.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant's said careless and unlawful conduct regarding the maintenance, operation, and control of the UNITED STATES OF AMERICA, the UNITED STATES CUSTOMS and BORDER PATROL, the UNITED STATES OF DEPARTMENT OF HOMELAND SECURITY, the U.S. IMMIGRATION

and CUSTOMS ENFORCEMENT motor vehicle was the direct, legal, and proximate cause of Plaintiff's injuries and damages.

15. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff suffered injuries to his health, strength, and activity and shock and injury to his nervous system, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental, and nervous pain and suffering in an amount which will be stated according to proof.

16. As a direct and proximate result of Defendants aforementioned conduct, the services of hospitals, physicians, surgeons, nurses, and the like were employed to care for and treat Plaintiff, and hospital, medical, professional, and incidental expenses were incurred, the exact amount of which expenses will be stated according to proof.

17. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff has incurred economic losses, including, but not limited to, loss of earnings, loss of earning capacity, property damage, and loss of use of property, in an amount to be stated according to proof.

## SECOND CAUSE OF ACTION

18. Plaintiff hereby re-alleges and incorporates paragraphs 1 thought 17, inclusive, of this Complaint as though each allegation was set forth at length herein.

19. On or about February 21, 2020, at the Mexicali – Calexico border, Plaintiff Lisandro Trinidad was hit and ran over by a border patrol vehicle. Plaintiff jumped over the fence near "Las Garitas" upon stepping on U.S. soil he spotted the Border Patrol agents vehicle. Plaintiff noticed the vehicle making a U-turn and driving at a high speed of rate towards Plaintiff. Plaintiff puts his hands in the air and lays on the floor as to surrender. Border Patrol vehicle hits Plaintiff 's body.

4

**COMPLAINT FOR DAMAGES**

20. Plaintiff sues for violations to the Eight Amendment to the United States Constitution by defendants who subjected to brutal and gratuitous force which was unnecessary for any legitimate penal interest and amounted to punishment.

21. Plaintiff sues for violations to the Fourteenth Amendment to the United States Constitution right to be free from gratuitous and excessive force and punishment, and the Fourteenth Amendment right to due process of law.

22. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff suffered injuries to his health, strength, and activity and shock and injury to his nervous system, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental, and nervous pain and suffering in an amount which will be stated according to proof.

23. As a direct and proximate result of Defendants aforementioned conduct, the services of hospitals, physicians, surgeons, nurses, and the like were employed to care for and treat Plaintiff, and hospital, medical, professional, and incidental expenses were incurred, the exact amount of which expenses will be stated according to proof.

24. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff has incurred economic losses, including, but not limited to, loss of earnings, loss of earning capacity, property damage, and loss of use of property, in an amount to be stated according to proof.

25. At all times herein, mentioned, the UNITED STATES OF AMERICA, the UNITED STATES CUSTOMS and BORDER PATROL, the UNITED STATES OF DEPARTMENT OF HOMELAND SECURITY, the U.S. IMMIGRATION and CUSTOMS ENFORCEMENT authorized and ratified the wrongful acts of the individual officers. The Individual officers wrongful conduct was the result of policies, practices and customs of the

aforementioned defendants to subject persons to outrageous and unreasonable seizures and dehumanizing abuse and to cover up incidents of excessive force by its officers. Furthermore, Plaintiff's constitutional rights were violated as a proximate result of the aforementioned defendants' deliberate indifference in the training and supervision of its officers. Defendants are also liable for the failure to train their employees where the failure to train, amounts to deliberate indifference to the rights of undocumented migrants such as Plaintiff with whom those employees are likely to come into contact.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Defendants, and each of them, on all causes of action as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For personal property damages according to proof;
4. For pre-judgment and post-judgment interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court may deem just and proper.

Dated: February 18, 2022    SHAH D'EGIDIO, APC

By: _____
*Irving Pedroza, Esq.*
*Attorneys for Lisandro Trinidad*

6

**COMPLAINT FOR DAMAGES**