UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISANDRO TRINIDAD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, a sovereign nation; UNITED STATES CUSTOMS AND BORDER PATROL, a federal government agency; the UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a federal government agency; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, a federal government agency,<br><br>Defendants. | Case No.: 22-CV-229 TWR (BLM)<br><br>**ORDER (1) VACATING HEARING, AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 6) |

Presently before the Court is the Motion to Dismiss Complaint ("Mot.," ECF No. 6) filed by Defendant the United States Customs and Border Patrol ("CBP"). Because Plaintiff Lisandro Trinidad failed to oppose the Motion, the Court **VACATES** the hearing and takes the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Plaintiff's "failure timely to file an opposition . . . may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c)" and Section III.A.2

of the undersigned's Standing Order for Civil Cases. Even reviewing the Motion and Plaintiff's Complaint ("Compl.," ECF No. 1) on the merits, however, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's first and second causes of action as to the CBP and Plaintiff's request for prejudgment interest.

## BACKGROUND[1]

On February 21, 2020, Plaintiff jumped over the Mexicali-Calexico border fence near "Las Garitas." (*See* Compl. ¶ 19.) Upon landing on U.S. soil, Plaintiff noticed a Border Patrol vehicle make a U-turn and drive toward him at a high rate of speed. (*See id.*) Plaintiff put his hands in the air and lied down on the ground. (*See id.*) The Border Patrol vehicle hit Plaintiff and ran him over. (*See id.*; *see also id.* at ¶ 6.) The vehicle was on Plaintiff for several seconds before the driver reversed and drove off him. (*See id.* ¶ 8.) As a result, Plaintiff suffered many injuries, including fractured ribs and lumbar vertebrae, which have required extensive medical treatment, including surgery. (*See id.* ¶ 9; *see also id.* ¶¶ 15–16, 22–23.)

Plaintiff filed the instant action against the United States, the CBP, the United States Department of Homeland Security ("DHS"), and U.S. Immigration and Customs Enforcement ("ICE") on February 18, 2022. (*See generally id.*) Plaintiff alleges two causes of action under the Federal Tort Claims Act, (*see id.* ¶¶ 10–17), and for violation of his Eighth and Fourteenth Amendment rights. (*See id.* ¶¶ 18–25.)

On June 1, 2022, the Court ordered Plaintiff to show cause "why the Complaint should not be dismissed for failure timely to effect service pursuant to [Federal] Rule [of Civil Procedure] 4(m) and Civil Local Rule 4.1(b)." (*See* ECF No. 3 ("OSC") at 2.) On June 8, 2022, in response to the Court's June 1, 2022 Order to Show Cause, Plaintiff filed proof of service on the CBP. (*See generally* ECF No. 4.) The Court therefore discharged its June 1, 2022 Order to Show Cause as to the CBP and dismissed without prejudice the

---

[1] Because Defendant makes a facial attack to the Court's subject-matter jurisdiction, the Court "accepts the truth of the plaintiff's allegations" for purposes of this Motion. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

remaining Defendants. (*See generally* ECF No. 5.) The CBP filed the instant Motion on July 14, 2022. (*See generally* ECF No. 6.)

## LEGAL STANDARDS

### I. Lack of Subject-Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A party may challenge the court's subject-matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite*, 749 F.3d at 1121 (quoting *Safe Air for Everyone*, 373 F.3d at 1039). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). "With one caveat, if the existence of jurisdiction

turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill Publ'g*, 594 F.2d at 733). "The caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1122 n.3 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine*, 704 F.2d at 1077).

## II. Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

Defendant requests dismissal with prejudice of the instant action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) on three grounds: (1) Plaintiff's FTCA cause of action must be dismissed as to the CBP because the United States is the only proper defendant, (*see* Mot. at 2–3 (first citing *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995); then citing *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998))); (2) Plaintiff's second cause of action must be dismissed because the United States has not waived sovereign immunity for constitutional tort claims, (*see id.* at 3 (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Roundtree v. United States*, 40 F.3d 1036, 1038 (9th Cir. 1994))); and (3) Plaintiff's demand for prejudgment interest must be dismissed because "the FTCA's waiver of sovereign immunity specifically excludes the recovery of prejudgment interest against the United States." (*See* Mot. at 4 (first citing 28 U.S.C. § 2674; then citing *McAsey v. U.S. Dep't of Navy*, 201 F. Supp. 2d 1081, 1102 (N.D. Cal. 2002); finally citing *Sepulveda v. United States*, No. 12-cv-3008-W, 2014 WL 145233, at *3 (S.D. Cal. Jan. 10, 2014)).)

As for Defendant's first argument, the Court dismissed without prejudice the United States—the only proper defendant to his FTCA claim, *see Kennedy*, 145 F.3d at 1078; *Lance*, 70 F.3d at 1095—because Plaintiff failed timely to serve them. (*See generally* ECF No. 5.) Because the CBP is not a proper defendant, *see, e.g., Hartman v. U.S. Customs & Border Prot.*, No. CV142090TUCDCBCRP, 2015 WL 5731618, at *4 (D. Ariz. June 30), *report and recommendation adopted*, 2015 WL 5718654 (D. Ariz. Sept. 30, 2015); *see also Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("Individual agencies of the United States may not be sued [under the FTCA]." (citing *Evans v. U.S. Veterans Admin. Hospital*, 391 F.2d 261, 262 (2d Cir. 1968) (per curiam), *cert. denied*, 393 U.S. 1040 (1969); *United States v. Dooley*, 231 F.2d 423, 424 (9th Cir. 1955))), the Court **DISMISSES WITH PREJUDICE** Plaintiff's FTCA cause of action as to the CBP. *See, e.g., Chavez v. United States*, No. 3:16-CV-02099-H-KSC, 2017 WL 10592137, at *1 (S.D. Cal. Jan. 6, 2017) (dismissing with prejudice FTCA claims against the Naval Commissary and the Department of the Navy (citing *Kennedy*, 145 F.3d at 1078)).

Turning to Defendant's second argument, a plaintiff may allege a constitutional violation under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Plaintiff's Complaint does not specify under what authority he brings his second cause of action for violation of his Eighth and Fourteenth Amendment rights, (*see generally* Compl.), although he does identify Section 1983 in his civil cover sheet. (*See* ECF No. 1-1.) As Defendant correctly notes, (*see* Mot. at 3 n.1), "[t]here is no valid basis for a claim under section 1983, in that [Plaintiff]'s allegations are against federal officials acting under color of federal law [because] Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)). To the extent Plaintiff intended to assert a cause of action under *Bivens*, "absent a waiver of sovereign immunity, an individual may not maintain a *Bivens* action for monetary damages against the United

States" or its agencies. *See id.* at 356 (citing *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985), *cert. denied*, 475 U.S. 1010 (1986)).  The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's second cause of action for violation of his Eighth and Fourteenth Amendment rights as to the CBP.  *See id.* at 355–56 (dismissing § 1983 and *Bivens* action against Veterans Affairs and its employees).

Finally, Defendant requests dismissal with prejudice of Plaintiff's request for prejudgment interest against the United States. (*See* Mot. at 4.)  As Defendant notes, (*see id.*), the FTCA's waiver of sovereign immunity explicitly excludes "interest prior to judgment."  *See* 28 U.S.C. § 2674.  The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's request for prejudgment interest.  *See, e.g.*, *Chavez*, 2017 WL 10592137, at *2 (dismissing with prejudice prayer for pre-judgment interest against the United States).

## CONCLUSION

In light of the foregoing, the Court **VACATES** the hearing on Defendant's Motion; **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) in its entirety, both as unopposed and on the merits; and **DISMISSES WITH PREJUDICE** Plaintiff's first and second causes of action as to the CBP and Plaintiff's request for prejudgment interest.

**IT IS SO ORDERED.**

Dated:  October 3, 2022

_____
Honorable Todd W. Robinson
United States District Judge